**LA FRANCE WORKSHOP LAMPSHADE CO., Inc., v. FIDELITY–PHENIX FIRE INS. CO., and five other cases.**

Nos. 6117–6122.

Circuit Court of Appeals, Third Circuit.

Feb. 5, 1937.

W. Horace Hepburn, Jr., of Philadelphia, Pa., for appellant.

Horace M. Schell and Arthur S. Arnold, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

In the court below plaintiff brought suits to recover a loss on fire insurance policies. The cases were tried together and the court gave binding instructions for defendants. Whereupon the plaintiff took these appeals. Some of the policies were sued on in a state court and were reviewed by the Superior and Supreme Courts of Pennsylvania. By reference to such cases, viz., La France Workshop Lampshade Co. v. Fire Ass'n of Philadelphia, 112 Pa.Super. 599, 171 A. 127; La France Workshop Lampshade Co. v. Buffalo Ins. Co., 318 Pa. 191, 178 A. 1, 2, we avoid needless restatement. The result in the state courts centered in the latter cases, wherein the Supreme Court held: "The evidence generally outlined above, and put into the case by plaintiff, clearly shows that Lare & Co. was plaintiff's general agent within the accepted definition of that relationship."

The court below, feeling that in line with Trainor Co. v. Aetna Casualty & Surety Co., 290 U.S. 47, 54 S.Ct. 1, 2, 78 L. Ed. 162, it should "lean towards an agreement of views with the state courts if the question seems to them balanced with doubt," held that "although there are undoubtedly minor differences in the evidence, I believe that it must be said that from a broad point of view, the Supreme Court of Pennsylvania has decided the same question which is now presented to me."

After study of the proofs and consideration of all the questions involved, we are of opinion the court below committed no error and its judgment is affirmed.